# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 7309 | **DATE** | 12/3/10 |
| **CASE TITLE** | Kirk Allen Wilborn (#2007-0072065) v. Tom Dart, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to proceed *in forma pauperis* [3] is granted. The court authorizes the trust fund officer at plaintiff's place of confinement to deduct $10.33 from plaintiff's account, and to continue making deductions in accordance with this order. The clerk is directed to mail a copy of this order to the trust fund officer at the Cook County Jail. The complaint is dismissed without prejudice to plaintiff submitting an amended complaint in accordance with this order. Plaintiff is given 30 days to submit an amended complaint; his failure to do so will result in dismissal of this case without prejudice. The clerk shall forward an amended complaint form to Plaintiff. His motion for the appointment of counsel [4] is denied without prejudice.

■ [**For further details see text below.**]                                                              Docketing to mail notices.

## STATEMENT

    Plaintiff Kirk Allen Wilborn, Cook County Jail inmate #2007-0072065, has filed this 42 U.S.C. § 1983 complaint against Cook County Sheriff Tom Dart, Cook County Jail Superintendents Morecci and Ross, Cook County Jail Officers Ojeda and Jacobson, and fellow inmate Christopher Wooden. Plaintiff alleges that protective custody does not provide sufficient protection, that his complaint about inmate Wooden posing a threat to him was ignored, and that Wooden attacked him.

    The court finds that plaintiff is unable to prepay the filing fee and grants his motion for leave to proceed *in forma pauperis*. Pursuant to 28 U.S.C. § 1915(b)(1), plaintiff is assessed an initial partial filing fee of $10.33 The supervisor of inmate trust accounts at plaintiff's place of confinement is authorized and ordered to collect, when funds exist, the partial filing fee from plaintiff's trust fund account and pay it directly to the clerk of court. After payment of the initial partial filing fee, the trust fund officer at plaintiff's place of confinement is directed to collect monthly payments from plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from plaintiff's trust fund account shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify the plaintiff's name and the case number assigned to this action. Plaintiff shall remain responsible for this filing fee obligation, and Cook County Jail trust account officials shall notify transferee authorities of any outstanding balance in the event plaintiff is transferred.

**(CONTINUED)**

isk

Although plaintiff may proceed *in forma pauperis*, his complaint does not provide sufficient notice of his claim against each of the defendants. Plaintiff names Sheriff Tom Dart, Superintendents Morecci and Ross, and Officers Ojeda and Jacobson. In the Statement of Claim section of his complaint, however, he mentions only Officers Ojeda and Jacobson and inmate Wooden, but not the other defendants. A plaintiff need not provide detailed information about his claim, but he must give sufficient information to notify each defendant of what the claim is and the grounds upon which it rests so that the defendants can respond. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Thomson v. Washington*, 362 F.3d 969, 970-71 (7th Cir. 2004); *see also* Fed. R. Civ. P. 8(a). It is unclear from plaintiff's complaint how the defendants were involved. Accordingly, the court dismisses the complaint without prejudice to plaintiff submitting an amended complaint that more clearly sets out what his claim is against each defendant.

If plaintiff wants to proceed with this case, he must submit an amended complaint, plus a judge's copy and a service copy for each defendant. The clerk shall forward an amended complaint form to plaintiff. Plaintiff should write the case number and the judge's name on the amended complaint form. Plaintiff is advised that an amended complaint supersedes a previously filed complaint and must stand complete on its own. The court will not refer to prior complaints to determine plaintiff's claims or the defendants to this action. Plaintiff should thus include all of the claims he seeks to raise in this action and name all of the defendants he seeks to sue in this case in the amended complaint. Plaintiff is given 30 days to comply with this order. His failure to do so will result in dismissal of this case without prejudice.

Plaintiff's motion for the appointment of counsel is denied without prejudice. Plaintiff does not indicate that he sought to obtain counsel or that he was prevented from doing so. Furthermore, the case at the present time does not involve complex discovery or an evidentiary hearing, and plaintiff's current pleadings indicate that he may proceed with his case at this stage of the proceedings. Accordingly, his motion for the appointment of counsel is denied without prejudice at this time. *Pruitt v. Mote,* 503 F.3d 647, 656-59 (7th Cir. 2007).